97 F.3d 1454
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Theresa SLUSARCZYK, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-1040.
 United States Court of Appeals, Seventh Circuit.
 Argued Aug. 7, 1996.
Decided Sept. 26, 1996.
 
 Before POSNER, Chief Judge, and COFFEY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Theresa Slusarczyk petitions for review of the Board of Immigration Appeals' denial of her application for suspension of deportation pursuant to 8 U.S.C. § 1254(a)(1). That provision allows the suspension of deportation of an alien who: 1) has been continuously present in the United States for at least seven years; 2) proves that she is of good moral character; and 3) whose deportation would "result in extreme hardship to the alien or to his spouse, parent or child who is a citizen of the United States or alien lawfully admitted for permanent residence." Id.
 
 
 2
 Petitioner Slusarczyk is a native and citizen of Poland. She entered the United States as a visitor on March 1, 1986, on a visa that authorized her to remain until September 1, 1987. She has remained in the United States until the present day. In support of her claim that she will suffer extreme hardship if deported to Poland, Slusarczyk makes the following assertions: 1) she has no relatives in Poland with whom she has had any recent contact; 2) she has a sister, niece and friends in the United States; 3) she owns her own business, an employment agency, which she will have to give up if she is deported.
 
 
 3
 In an oral decision an immigration judge concluded that Slusarczyk met the continuous presence and good moral requirements of § 244(a)(1). He also concluded that she "established sufficient equities to warrant the favorable exercise of discretion." He concluded, however, that she was not subject to suspension of deportation because she would not suffer extreme hardship if she were deported. In support of his decision the judge stated that the petitioner had lived 52 years of her life (she is 60 years old) in Poland, she admitted that she has grandchildren in Poland, and although she has a business in the United States it is not clear how big the business is or how much it contributes to the community. In addition, he noted that there were no economic or political reasons indicated as to why she could not return to Poland. He noted that there had been a change in government in Poland, but stated that Slusarczyk had not indicated any reason that this would affect her ability to return to that country. The Appeals Board adopted the immigration judge's decision and reasoning.
 
 
 4
 The burden was on the petitioner to establish that she would suffer extreme hardship if deported. Bueno-Carillo v. Lardon, 682 F.2d 143, 145 (7th Cir.1982). This Court reviews the Appeals Board's decision to deny suspension of deportation due to lack of extreme hardship for abuse of discretion. Id. at 145. On appeal, Slusarczyk argues that the immigration judge (and the Appeals Board by adoption) abused his discretion because he merely listed the factors that were present in Slusarczyk's case without explaining why these factors led to a conclusion that she would not suffer hardship if deported. In addition, she claims that the judge drew irrational inferences in making his ruling. Specifically, she argues that he failed to explain why the fact that Slusarczyk had lived 52 years in Poland would make her transition to Poland any easier at her present age of 60. She also claims that he failed to take account of the fact that she had lived in Poland under a very different economic and political regime and that the changes coupled with her advanced age would make the transition difficult. In addition, the judge did not explain why the presence of a grandchild and daughter-in-law in Poland was a closer family tie than a sister living in the United States. Moreover, Slusarczyk argues that the judge improperly dismissed Slusarczyk's ownership of a business on the ground that he did not know its size and contribution to the community. She claims the size of the business was not relevant as she was not making a claim based solely upon economic harm, but rather upon the extreme hardship that would be caused by losing the economic and non-economic benefits of the business.
 
 
 5
 The term "extreme hardship" is not self-explanatory. Bueno-Carillo, 682 F.2d at 145. The Board has broad discretion to interpret this term. Salameda v. INS, 70 F.3d 447, 450 (7th Cir.1995). Therefore, this Court's review is limited to determining whether the "Board has considered in a rational fashion the issues tendered by the alien's application." Id., 70 F.3d at 449. In addition, "when the hardships the alien may encounter are the same faced by any alien to be deported, the 'extreme hardship' standard has not been met." Cortes-Casallo v. INS, 997 F.2d 1199, 1204 (7th Cir.1993). In this case, Slusarczyk has not shown that the Board (which adopted the immigration judge's reasoning) abused its discretion in denying her request for suspension of deportation or that the hardships she will face if deported are different than those that would be faced by any alien in this situation. See Urukov v. INS, 55 F.3d 222, 228 (7th Cir.1995) (finding that an alien did not have a well founded fear of persecution under 8 U.S.C. § 1101(a)(42)(A) because he did not demonstrate that his fear of persecution pertained to him individually rather than the population as a whole). The judge addressed each of the factors that Slusarczyk claimed indicated that she would be subject to extreme hardship. Slusarczyk is not correct in her argument that the judge did not give reasons for finding a lack of extreme hardship. He stated each of the factors that weighed for or against finding extreme hardship and explained why in sum they did not constitute a situation in which Slusarczyk would be subject to extreme hardship if she were deported. It also was rational for him to consider that she had lived in Poland for most of her life in determining that she would not be subject to extreme hardship upon return. He acknowledged that political and economic conditions had changed in Poland. However, in that Slusarczyk had not presented any evidence on the current conditions in Poland and how they would affect her, it made sense for the judge to conclude that one who had been steeped in a particular culture (as Slusarczyk was with the culture in Poland) would more easily adapt to returning to that culture than one who had little or no exposure to that way of life.
 
 
 6
 Slusarczyk's arguments regarding the judge's evaluation of her business and family interests are also not persuasive. To be sure she will be subject to some hardship in giving up the business that she built in this country. However, Slusarczyk has not pointed to any authority to indicate that one who is forced to give up a business, even if the implications are non-economic as well as economic, is per se considered to be subject to extreme hardship. The judge's statement that Slusarczyk had not brought forth evidence regarding the size of the business and its contribution to the community are well taken. Such factors would indicate the degree to which Slusarczyk was connected to her current community and therefore how difficult it would be for her to be forced to abandon her current station. See Salameda, 70 F.3d at 449-50 ("[Community and charitable activities are relevant because] these activities are evidence of a high degree of integration of the aliens into the community, increasing the wrench to them of being expelled from it."). Moreover, the harm she will suffer from giving up her business is not atypical for one who is being deported. Anyone forced to leave the country will inevitably be forced to sever many ties. She has not shown that the ties to her business are so great or unusual that she will suffer extreme hardship upon being deported.
 
 
 7
 Similarly, the judge acted within his discretion in assessing Slusarczyk's family situation. The fact that she has a closer relative in the United States than she has in Poland does not mean that returning her to Poland will result in extreme hardship. She has not indicated that her sister is dependent upon her for support (or vice versa). Although there will be psychic cost to Slusarczyk's being separated from her sister, it was not an abuse of discretion for the Immigration Judge to conclude that this separation will not result in extreme hardship. See Cortes-Casallo, 997 F.2d at 1204 (noting that the severance of family ties is common to most aliens).
 
 
 8
 Another argument that Slusarczyk makes regards the length of time that she has been in this country, ten years. The Immigration Board has generally considered the length of an alien's residence in determining whether deportation will result in extreme hardship. Salameda, 70 F.3d at 449. We note, however, that § 1254(a)(1) requires physical presence in the United States for seven years and extreme hardship. Thus, under the statute, seven years in the United States does not automatically result in a finding of extreme hardship. Therefore, although the length of an alien's residence in the United States should be a factor in deciding whether to grant suspension of deportation, it was not an abuse of discretion for the immigration judge in the present case, who took note of Slusarczyk's stay in this country, to conclude that deportation would not result in extreme hardship. Moreover, most of the time Slusarczyk has remained in this country, she has done so illegally. Therefore, to weigh this factor in her favor would be to reward her breaking of the law.
 
 
 9
 In sum, the evidence that Slusarczyk presented in favor of suspension of deportation was scarce and the immigration judge acted with in his discretion in denying her application.
 
 
 10
 PETITION DENIED.